*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-212

NOVEMBER TERM, 2013

| | | |
|---|---|---|
| Michael Bandler | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Majestic Car Rental Group, Inc. | } | DOCKET NO. 727-9-10 Rdcv |

Trial Judge: William D. Cohen

In the above-entitled cause, the Clerk will enter:

Plaintiff Michael Bandler appeals pro se from the trial court's summary judgment decision in favor of defendant Majestic Car Rental Group, Inc. He argues that the court erred in granting summary judgment to Majestic and denying his request to amend his complaint. We affirm.

Bandler rented a car from Majestic in November 2009. In September 2010, he sued Majestic, alleging that Majestic had retained his credit card information from a prior car rental and charged his credit card without disclosure or consent. Bandler raised claims of "intentional tort," negligence, breach of contract, and consumer fraud. Bandler purported to raise these claims on his own behalf and on behalf of five different classes of plaintiffs. In October 2012, Majestic moved for summary judgment. Bandler opposed the motion, and moved for partial summary judgment in his favor. Following a November 2012 status conference, Bandler indicated that he would be removing the class action component from his complaint. To this end, Bandler filed a proposed amended complaint with the court.

In April 2013, the court granted summary judgment to Majestic. In reaching its decision, the court relied on the following facts. Bandler rented a car from Majestic on November 25, 2009. During the course of the rental, Bandler received a parking ticket and incurred charges for driving through tollbooths with an improperly functioning E-ZPass. After Bandler returned the rental car, Majestic billed Bandler's credit card for these charges. Bandler asserted, via affidavit, that he never signed a written agreement for the November 25 rental. He claimed to have an oral agreement with Majestic that he would pay $25 per day for the rental. The court found Bandler's position belied by a written rental contract produced by Majestic, which pertained to the November 25 rental and appeared to be signed, initialed, and dated by Bandler. Majestic also produced a written addendum to the rental agreement that appeared to be initialed by Bandler. A Majestic representative averred that Bandler signed these documents when renting a car on November 25. Through his affidavit, Bandler asserted that the written contract was a fabrication and that Majestic was using it to perpetrate a fraud upon the court.

The court recognized that issues of credibility generally could not be resolved on summary judgment, but it found that an exception existed for evidence too incredible to be believed by reasonable minds. See Simms v. Reiner, 419 F. Supp. 468, 475 (N.D. Ill. 1976); 10A Wright, Miller &

Kane, Federal Practice and Procedure: Civil 3d § 2726 (stating that "[u]nsupported allegations that credibility is in issue will not suffice"). Such evidence, the court explained, was insufficient to raise a genuine issue of material fact so as to preclude summary judgment. The court found Bandler's claim of a sham contract to fall within this exception. Other than his bare assertion of a fabrication, Bandler presented no proof of a forgery. Looking at the face of the rental contract, the court found that it appeared to be legitimate and complete with Bandler's signature; the court found its legitimacy supported by the affidavit from a Majestic representative. The court added that Bandler's version of events—that Majestic, a corporation in the business of renting cars, would rent a car to Bandler on only an oral agreement with no further terms to protect its interests beyond a price term—to be too incredible to be believed, especially in light of the existence of the written contract apparently signed and dated by Bandler. The court also noted that Bandler appeared to concede the existence of a written contract, at least for purposes of his own motion for partial summary judgment. Given all of these factors, the court rejected Bandler's theory that Majestic had perpetrated an incredibly brazen fraud upon the court and it accepted that the signed November 25 contract governed the rental at issue here.

The court concluded that the contract, by its plain terms, authorized Majestic to charge Bandler's credit card for the unpaid parking ticket and tolls. The agreement stated that Majestic "assumes no responsibility for parking tickets or towing fees for other than mechanical failures" and that it "will bill any undercharges directly to [Bandler's] credit card." Bandler argued that this language was unenforceable because it was contained in small type on the back of the form contract. The court disagreed. It stated that, as a general rule, language contained on the reverse side of a printed contract does not become part of the contract unless there is a reference to the additional language on the front of the contract or internal evidence in the writings involved from which an inference of an intention to include the additional terms as part of the contract follows. See, e.g., Brown v. State Auto. Ins. Ass'n, 12 N.W.2d 712, 716 (Minn. 1944) (recognizing this general rule), cited in Universal Underwriters Ins. Co. v. Allstates Air Cargo, Inc., 2003 VT 8, ¶ 9, 175 Vt. 475 (mem.). In this case, it found a sufficient internal reference in the "addendum to rental agreement" to indicate that the terms and conditions contained on the back of the rental agreement were intended to form part of the contract.

Thus, because the terms of the written contract allowed Majestic to charge Bandler's credit card for the unpaid parking tickets and tolls, and because the evidence indicated that the parties intended these terms to be part of the agreement, the court granted summary judgment to Majestic on all of Bandler's claims. As to Bandler's motion to amend his complaint, the court found it apparent that the proposed amended complaint did not alter the basis for summary judgment in Majestic's favor. It therefore denied Bandler's motion for leave to amend as futile. Bandler appealed from the court's decision.

As an initial matter, Bandler asserts that Majestic's summary judgment motion, which was filed against him individually, is a nullity because Bandler filed a class action lawsuit. This argument is without merit. In his proposed class action suit, Bandler was advancing his own claims and also seeking to represent others who were similarly situated. There was no error in filing a summary judgment motion against Bandler individually.

Turning to the merits, Bandler argues that the undisputed facts do not warrant judgment in Majestic's favor. Bandler challenges the existence and validity of the rental agreement. Additionally, Bandler contends that the language at issue cannot be enforced because it is located on the reverse side of the agreement in violation of the law.

2

We review the court's decision de novo, <u>Richart v. Jackson</u>, 171 Vt. 94, 97 (2000), and we affirm on alternate grounds. We do not address Bandler's challenges to the rental contract because, as discussed below, we conclude as a matter of law that he would be unjustly enriched were he to prevail on his claims against Majestic.

Essentially, Bandler argues that Majestic should not have charged his credit card for a parking ticket and E-ZPass violations that he incurred while driving a rental car. These charges apparently amounted to $118.75. Bandler would be unjustly enriched if Majestic was obligated to pay these bills on his behalf. "Under the doctrine of unjust enrichment, a party who receives a benefit must return the [benefit] if retention would be inequitable. Unjust enrichment applies if in light of the totality of the circumstances, equity and good conscience demand that the benefitted party return that which was given." <u>Gallipo v. City of Rutland</u>, 2005 VT 83, ¶ 41, 178 Vt. 244 (quotation omitted). In this case, Bandler incurred the fines at issue but Majestic received copies of the violations and paid the fines. Certainly, as a matter of equity, Majestic was entitled to be reimbursed by Bandler for these outlays. To the extent that Bandler claimed below that he resolved these fines, either by paying them or having them dismissed, it is Bandler's obligation, not Majestic's, to contact the tolling and parking authorities and determine if there has been any double payment made. The law does not require Majestic to pay Bandler's bills. We thus conclude that Majestic was entitled to summary judgment in its favor.

Finally, Bandler argues that his motion for leave to amend should have been granted because, without an attorney, he could no longer represent the interests of the proposed class members. There was no purpose to be served by allowing an amendment of the complaint to remove the class action component. As the trial court explained, amending the complaint would not change the result in this case. The motion was therefore properly denied as futile.

<u>Affirmed</u>.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Geoffrey W. Crawford, Associate Justice

3